IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff,<br><br>vs.<br><br>REBA CARDWELL and<br>CALDWELL COUNTY, N. C.<br><br>　　　Defendants. | Civil No. 5:07-cv-00067 |

**ORDER**

Upon consideration of the United States' motion for a default judgment,

It Is ORDERED:

1. The United States' motion is GRANTED;

2. The United States has a valid judgment lien against the property of Reba Cardwell in the amount of $31,267.72 plus interest under 26 U.S.C. § 6621 from June 30, 2002;

3. The Court further ORDERS that whereas, the relief described herein has been demanded in the complaint, the United States' judgment lien against defendant Reba Cardwell is foreclosed against the subject property described below, and such property is to be sold pursuant to 28 U.S.C. § 2001 in the manner set forth below.

A. the subject property is:

Subdivided Lots 2, 3, 4, 13, 14, 15, 16, 17, 19, 20, 22, 23, 29, 32, 34, and 35 of the property described as follows:

　　Beginning on a White Oak in Jesse Craig's line and runs East with

3023009.1

Jesse Craig's line to Thomas Craig's corner; thence North course with the road to a White Oak marked on the side of the road; thence westerly course to a notch dogwood name course to a forked black oak marked A; thence to a spruce pine near the spring; thence Southwest course a straight line to the beginning, containing 40 acres more or less.

The above described land is the same as conveyed to Sullivan Craig from R. F. Craig and wife, Ada Craig, J.E. Craig and wife Cora Craig on the 29th day of December, 1939 and known as the Gibson place, and recorded in the Register of Deeds office for the County of Caldwell, NC in Book 1090 at Page 41.

B. the United States Marshal for the Western District of North Carolina or his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is authorized under 28 U.S.C. §§ 2001 and 2002 to offer for sale at public auction, and to sell such subdivided lots of the subject property as is necessary to satisfy the United States' judgment lien against such property;[1]

C. the Marshall, his or her representative, or the PALS is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser;

D. the sales of the Property shall be free and clear of the interests of any of the defendants to this action;

---

[1] The United States shall make the arrangements for the United States Marshal's Office or the PALS to sell the Property as set forth in this order. The United States may choose either the United States Marshal or the PALS to carry out the sales under this order.

3023009.1

E. the sales shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and any easements and restrictions of record, if any;

F. the Property shall be sold by public auctions to take place within Caldwell County, North Carolina, either on the premises themselves or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

G. the times and places for the sales of the Property are to be announced by the United States Marshal, his or her representatives, or the PALS;

H. the sale of the Property shall be advertised once each week for four (4) consecutive weeks preceding the time fixed for such sale in a daily newspaper of general circulation in Calwell County, North Carolina, and by any other notice that the United States Marshal or his/her representative, or the PALS in his/her discretion may deem appropriate. The notices of sale shall contain a description of the properties to be sold and shall contain the terms and conditions of sale in this order and decree;

I. the Property shall be sold to the highest bidder with the United States having the right to withdraw the Property from bidding at any time prior to the acceptance of a bid, if in the opinion of the United States, the bids are inadequate;

J. if there are any municipal liens (including county and city property taxes and utility liens) on the Property, the United States shall obtain from the municipality a bill, statement or claim for any delinquent amounts secured by such liens and deliver same to the United States Marshal or the PALS ten days in advance of said sale. Satisfaction

of any municipal liens shall be from the sale proceeds pertaining to the property subject to such liens, and the Property shall be sold free and clear of such municipal liens;

K. no bid on any of the Property (except as to the United States) shall be accepted unless the same is accompanied by a certified check or a cash deposit of at least ten percent (10%) of the amount of the bid. Before being permitted to bid at the sale, bidders shall display to the United States Marshal, his/her representative, or to the PALS proof that they are able to comply with this requirement. No bids will be received from any person who has not presented proof that, if they are the successful bidder, they can make the deposit required by this order;

L. the balance of the purchase price on any of the Property shall be paid to the United States Marshal or the PALS (whichever person is conducting the sale as arranged by counsel for the United States) within sixty (60) days after the date the bid is accepted. Payment shall be by a certified or cashier's check payable to the United States Marshal for the Western District of North Carolina if the sale is conducted by the Marshal or to the Internal Revenue Service - Department of Treasury in the case of the PALS. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be returned to the bidder, and the Property shall be again offered for sale under the terms and conditions of this order and decree.

M. the sales of the Property shall be subject to confirmation by this Court. On confirmation of the sales, the United States Marshal or the PALS shall execute and

deliver deeds of judicial sale conveying the Property to the purchaser(s). On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by the United States or the defendants in this action are discharged and extinguished.

N. no later than twenty (20) days after receipt of the balance of the purchase price, the United States Marshal or the PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed.

O. the recorder of deeds of Caldwell County, North Carolina, shall proceed to record the deed in favor of the purchaser(s).

P. until the Property is sold, defendant Reba Cardwell shall take all reasonable steps necessary to preserve the Property (including all improvements, fixtures and appurtenances) in their current condition including, without limitation, maintaining fire and casualty insurance on the Property at her own expense. Reba Cardwell shall not commit waste against the property, nor shall they cause or permit anyone else to do so. She shall not do anything that tends to reduce the value or marketability of the Property, nor shall she cause or permit anyone else to do so. She shall take no action which may tend to deter or discourage potential bidders from participating in the public auction.

Q. the property is to be sold subject to any leases currently in effect with any rights and obligations of defendant Reba Cardwell under such leases to be transferred to the purchaser of the property.

3023009.1

R. if the United States Marshal, or his or her representative, conducts the sale, the proceeds from the sale(s) of the Property shall be distributed in the following order:

    i. First, to the United States Marshal for the costs of the sales;

    ii. Second, to any municipality to satisfy any municipal liens (including county and city property taxes and utility liens) on the Property as stated in subparagraph J above;

    iii. Third, to the United States, on account of its judgment lien; and

    iv. Fourth, any surplus of the sale proceeds from the Property shall be deposited with the Clerk to be held until further order of the Court;

S. if the PALS conducts the sales of Properties, the proceeds from the sale shall be distributed in the following order:

    i. First, to the PALS for the costs of the sales;

    ii. Second, to any municipality to satisfy any municipal liens (including county and city property taxes and utility liens) on the Property as stated in subparagraph J above;

    iii. Third, to the United States, on account of its judgment lien; and

    iv. Fourth, any surplus of the sale proceeds from the Property shall be deposited with the Clerk to be held until further order of the Court.

Signed this 22 day of February, 2008.

*[signature]*